# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

**Petitioner,**

**Case No. 6:08-mc-21-Orl-31DAB**

**v.**

**JOHN T. HINES,**

**Respondent.**

**______________________________________/**

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **PETITION TO ENFORCE IRS SUMMONS (Doc. No. 1)** |
| **FILED:** | **February 26, 2008** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |
| **MOTION:** | **MOTION TO QUASH IRS SUMMONS (Doc. No. 5)** |
| **FILED:** | **March 7, 2008** |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |
| **MOTION:** | **MOTION TO DISMISS PETITION TO ENFORCE IRS SUMMONS (Doc. No. 8)** |
| **FILED:** | **March 13, 2008** |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

**MOTION:** **MOTION TO QUASH (Doc. No. 12)**

**FILED:** **March 24, 2008**

---

**THEREON** it is **ORDERED** that the motion is **DENIED**.

On May 3, 2007, Revenue Officer Daniel Haber issued an Internal Revenue Service ("IRS") summons directing Hines to appear on May 22, 2007 to give testimony and produce records relating to tax liabilities for years 1996 to 2001 and 2003. Doc. No. 1-4. Hines failed to appear or otherwise comply with the summons, because, he maintains, he was given insufficient notice. Doc. No. 16. The IRS filed a Petition to Enforce on February 26, 2008. In response to the Petition, Hines has filed two Motions to Quash (Doc. Nos. 5, 12) and a Motion to Dismiss the Petition (Doc. No. 8), in which he argues certain defects preclude enforcement of the summons, and he also asserts a Fifth Amendment defense[1]. Because the Court finds Hines's Motions to be without merit, the Petition to Enforce the IRS Summons is **GRANTED**.

**IRS Summons to Taxpayer**

The district courts of the United States have jurisdiction to enforce an IRS summons pursuant to 26 U.S.C. §§ 7402(b) and 7604(a). United States Magistrate Judges have authority to enforce obedience to an IRS summons to produce records or give testimony. *See* 28 U.S.C. § 636(b); Middle Dist. of Florida Local Rule 6.01(c)(11). A district court, asked to enforce an IRS summons, will initially consider whether the summons was issued pursuant to a legitimate purpose of an IRS investigation. The Service has been authorized to utilize the summons as an investigative device "(f)or

---

[1]Hines also filed unauthorized "Reply" briefs in response to the Government's Response. Pursuant to Local Rule 3.01(c), "[n]o party shall file any reply or further memorandum directed to the motion or response . . . unless the Court grants leave." Middle District of Florida, Local Rule 3.10(c).

the purpose of ascertaining the correctness of any return, making a return where none has been made, (or) determining the liability of any person for any internal revenue tax." 26 U.S.C. § 7602(a).

Section 7602 of the Internal Revenue Code represents a broad grant of investigatory power to the IRS which the Supreme Court has analogized to that of a grand jury which can investigate "merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *United States v. Powell*, 379 U.S. 48, 57 (1964). To obtain judicial enforcement of a summons, the government must establish that "(1) the investigation will be conducted for a legitimate purpose; (2) the material being sought is relevant to that purpose; (3) the information sought is not already in the IRS's possession; and (4) the IRS complied with all the administrative steps required by the Internal Revenue Code." *See United States v. Stoecklin*, 848 F. Supp. 1521, 1523-24 (M.D. Fla. 1994) (Moore, C.J.) (citing *Powell*, 379 U.S. at 57-58); *see also United States v. Medlin*, 986 F.2d 463, 466 (11th Cir. 1993). "This imposes a 'minimal burden' upon the IRS, which may be satisfied by merely presenting a sworn affidavit of the agent who issued the summons attesting to these facts." *Stoecklin*, 848 F. Supp. at 1524 (quoting *Medlin*, 986 F.2d at 466).

Once the IRS has made such a showing, the burden shifts to the party contesting the summons to disprove at least one of the four elements of the government's *prima facie* showing or to convince the court that enforcement would constitute an abuse of the court's process. *Stoecklin*, 848 F. Supp. at 1524 (citing *Medlin*, 986 F.2d at 466; *LaMura v. United States*, 765 F.2d 974, 979-80 (11th Cir. 1985)). "The burden on the contesting party is a heavy one which requires allegations of specific facts and the introduction of evidence." *Stoecklin*, 848 F. Supp. at 1524 (citing *United States v. Leventhal*, 961 F.2d 936, 939 (11th Cir. 1992)); *see United States v. Lee, Goddard & Duffy, LLP*, 528 F.Supp.2d 1005, 1007-08 (C.D. Cal. 2007) (petitioner who wishes to avoid enforcement of a summons

must "disprove the actual existence of a valid civil tax determination or collection purpose by the Service," which is a very heavy burden).

The standard for defeating a petition to quash and for enforcing a summons is the same. *See, e.g.*, *Crystal v. United States*, 172 F.3d 1141 (9th Cir. 1999) (citing *Powell*, 379 U.S. at 57-58). Where the petitioner is unable to mount a substantial challenge to the validity of the summons, the district court may decide the matter on the pleadings with no further proceedings, and the summons should be ordered enforced post haste. *Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392-93 (9th Cir. 1985).

**FACTS**

On February 26, 2008, the Internal Revenue Service (the "IRS") filed a Petition to Enforce its summons against John T. Hines, pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) of the Internal Revenue Code. Doc. No. 1. On May 3, 2007, Revenue Officer Daniel Haber issued an IRS summons directing Hines to appear on May 22, 2007 to give testimony and produce for examination and copying certain records set forth in the summons (hereinafter "the Summons"). Doc. No. 1-4. Revenue Officer Haber served the Summons on Hines by personal delivery on May 9, 2007. Doc. No. 1-4. The Summons was issued as part of an investigation of Hines for the collection of tax liabilities for years 1996 to 2001 and 2003.

The Summons requested: "All documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit . . . [which] include but are not limited to: all bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit for the period: from 01/01/07 to 04/30/07." Doc. No. 1-4. According

to the Government, Hines failed to appear[2] or otherwise comply with the Summons on May 22, 2007. Doc. No. 1.

The IRS filed the Petition to Enforce the Summons on February 26, 2008. In response to the Petition, Hines has filed two Motions to Quash[3] (Doc. Nos. 5, 12) and a Motion to Dismiss the Petition (Doc. No. 8) in which he argues the summons is improper because it is being issued as part of a criminal investigation, service was not proper, it was issued without authorization, is too broad, and procedurally defective. Hines also asserts a Fifth Amendment defense and contends that enforcement of the summons will violate his right against self-incrimination.

**Lack of service or attestation**

In this case, Revenue Officer Haber's Declaration establishes the prima facie elements required by the precedent of *United States v. Powell*, 379 U.S. 48, 57 (1964). The Government has established that the investigation will be conducted for a legitimate purpose, *i.e.*, the summons was issued as part of an investigation into the collection of the individual income tax assessments of Hines for tax years 1996 to 2001 and 2003. Doc. No. 1-3. Haber's Declaration also supports a finding that the material being sought is relevant to that purpose because the summons seeks information that relates to the collection of those taxes and the books, papers and other records sought by the summons are not already in the possession of the IRS. Doc. No. 1-3. Lastly, based on Haber's Declaration, all administrative steps required by the Internal Revenue Code for issuance of a summons have been

---

[2]Hines maintains that the IRS is required to give twenty-one days notice and since the notice was served only twelve days before the deposition, he did not attend. Doc. No. 16. Because this argument in contained in an unauthorized Reply brief (Doc. No. 16), which is stricken by this Order, the Court does not address this argument.

[3]A motion to quash as authorized by 26 U.S. C. § 7609 is proper only to quash a third-party recordkeeper summons. *See* § 7609(b)(2). It cannot be used by the individual with the tax liability to quash a summons served on him. *See* 26 U.S.C. § 7609(c)(2)(A). Such a motion to quash must also be filed within 20 days of notice of the summons; thus, Hines' Motion is untimely as well. 26 U.S.C. § 7609(b)(2)(A).

taken. Doc. No. 1-3. No Justice Department referral is in effect for Hines for the period under investigation. *See id.*

Hines contends, without any factual elaboration, that he was not properly served with the Summons. Doc. No. 5 ¶ 11. As the Government points out, the Summons was personally served on Hines at 8:18 a.m. on May 9, 2007, as stated on the certificate of service on the back page of the Summons. Doc. No. 1-4 at 2. Hines, as the contesting party, has not met his burden – "a heavy one which requires allegations of specific facts and the introduction of evidence." *Stoecklin,* 848 F. Supp. at 1524 (citing *United States v. Leventhal*, 961 F.2d 936, 939 (11th Cir. 1992)). Title 26 U.S.C. § 7603(a) authorizes the summons to be served in person and the "certificate of service signed by the person serving the summons shall be evidence of the facts it state on the hearing of an application for the enforcement of the summons." 26 U.S.C. § 7603(a). Hines fails to refute the certificate of service, as signed by Revenue Officer Haber.

Hines also contends that the Summons was not properly attested as mandated by §§ 7602 and 7603. Hines argues that an "attested copy" of the summons with a signed certificate of correctness is not attached to the Petition in this case. Doc. No. 12. As the Government correctly argues, Hines misconstrues the statutory provision – the copy of the Summons served on Hines was attested to by Revenue Officer Haber, as stated in his Declaration. Doc. No. 1-3 ¶ 4. That is all that is required by the statute. *See* 26 U.S.C. § 7603(a). Hines's objections to the Summons on these grounds are overruled.

**Overly broad or for an improper purpose**

Hines argues that the Summons was issued without proper authorization and for an improper purpose. He also contends the Summons was not issued in good faith because it is too broad and sweeping to be used to prove the existence of a valid civil tax determination or for collection of taxes,

and some items sought in the Summons are going to be used to aid a criminal prosecution against him. Doc. No. 5. Hines further argues that the IRS has no hope of collecting on the taxes, but is "delaying in submitting a formal recommendation to Justice in order to gather additional evidence . . . and to serve as an information gathering agency for the prosecuting attorney." Doc. No. 5. Hines alleges that the IRS is attempting to "circumnavigate the traditional role of the grand jury and the other constitutional protections" based on statements made by the Commissioner of IRS about his intention to target and jail tax protesters. Doc. No. 5.

The Government responds that the Summons at issue here was issued for the statutory purpose of determining Hines's federal income tax liability for the years 1996 to 2001 and 2003. Section 7602 of the Internal Revenue Code authorizes the Secretary of the Treasury to issue a summons for the purpose of "ascertaining the correctness of any return , . . . determining the liability of any person for any internal revenue tax . . . or collecting any such liability." 26 U.S.C. § 7602(a). The Secretary may summon any person having possession, custody, or care of records or information relating to the tax liability of the taxpayer being investigated. 26 U.S.C. §7602(a)(2). If the information sought by the summons is relevant to ascertaining the correctness of any return and for determining tax liability, then the summons has a proper scope. *LaMura v. United States*, 765 F.2d 974, 981 (11th Cir. 1985) ("government's burden of showing relevance in this context is slight."). IRS revenue officers have the authority to issue an administrative summons. *United States v. Crum*, 288 F.3d 332, 334 (7th Cir. 2002) (tracing federal regulations that outline the delegation of summons authority from the Secretary of the Treasury to the Commissioner of the IRS to certain IRS employees, including revenue officers; citing applicable cases). Revenue Officer Haber is fully authorized to issue administrative summonses as part of the ongoing tax investigation into Hines tax liability for years 1996 to 2001 and 2003.

As to Hines's arguments that the summons is overly broad, an IRS summons is overbroad only if it " does not advise the summoned party what is required of him with sufficient specificity to permit him to respond adequately to the summons." *United States v. Medlin*, 986 F.2d 463, 467 (11th Cir. 1993); *Bicoastal Holding Co. & Subsidiaries v. United States*, No. 96-1479-Civ-T-23C, 1997 WL 369398, *3 (M.D. Fla. March 25, 1997). The descriptions of documents sought in the Summons in this case is sufficiently particular and limited in scope – from January 1, 2007 to April 30, 2007 – and necessary to determine Hines's tax liabilities. *See, e.g., United States v. Moeshlin*, No. 2:06-cv-194-FtM-29DNF, 2007 WL 1673670, *2-3 (M.D. Fla. Jan. 19, 2007) (no over breadth where summons sought "all bank statements, checkbooks, canceled checks, savings account passbooks, and records of certificates of deposit, for January 1, 2004 to the date of full compliance with this summons."). Hines's objections to the Summons as overbroad or for an improper purpose are overruled.

**Criminal Investigation and Fifth Amendment Issues**

Hines also raises a Fifth Amendment issue, contending that enforcement of the summons will violate his right against self-incrimination. In support of this argument, Hines alleges that anyone classified as a tax protestor is automatically the subject of a criminal investigation and IRS agents have no authority to deviate from that policy, citing *United States v. LaSalle National Bank*, 437 U.S. 298 (1978) for the proposition that an IRS summons cannot be used to gather information for criminal purposes. The Government contends that such a "sweeping application" of the Fifth Amendment is "misplaced and premature," particularly since he did not appear or testify on May 22, 2007, as the Summons directed. The Court agrees that Hines's assertion of the privilege is premature.

The Fifth Amendment serves as a shield to any party in a civil proceeding who fears that complying with discovery will expose him to a risk of self-incrimination. *Wehling v. Columbia Broadcasting System*, 608 F. 2d 1084, 1086 (5th Cir. 1980) (citing *Lefkowitz v. Cunningham*, 431 U.S.

801, 805 (1977)). The protection does not merely encompass evidence that may lead to a criminal conviction, but includes information that would furnish a link in the chain of evidence that could lead to prosecution, as well as evidence that an individual reasonably believes could be used against him in a criminal prosecution. *Hoffman v. United States*, 341 U.S. 479, 486 (1951). The protection is limited to instances in which the witness has reasonable cause to apprehend danger from a direct answer. *Id*. The witness is not excused from answering a question "merely because he declares that in so doing he would incriminate himself – his say-so does not of itself establish the hazard of incrimination." *Id*. Instead, it is for the court to determine whether the witness's silence is justified and to require him to answer if it clearly appears to the court that he was mistaken. *Id*.

Hines has not alleged any specific facts or evidence to show bad faith or an improper purpose on the part of the IRS. As the Government points out, the Summons was issued as part of an investigation to collect past tax assessments, as stated in the declaration of Revenue Officer Haber. "According to the plain language of the statute, the IRS's authority to issue summonses for the purpose of investigating any offense relating to the tax code is extinguished only when the investigation is referred to the Department of Justice." *See Scotty's Contracting and Stone, Inc. v. United States*, 326 F.3d 785, 788 (6th Cir. 2003); *LaMura*, 765 F.2d at 980 n.9 (same). Only after such a referral is made, does the administrative summons authority cease. 26 U.S.C. § 7602(d)(1); *Scotty's Contracting*, 326 F.3d at 788; *LaMura*, 765 F.2d at 980 n.9. A Justice Department referral is not in effect for Hines. *See* Haber Decl., Doc. No. 1-3 ¶ 9. Thus, Hines's argument about a potential criminal investigation does not prohibit enforcement of the Summons because the matter has not been referred to the Justice Department; his objection to the Summons on this ground is overruled.

**CONCLUSION**

It is **ORDERED** that the Government's Petition to Enforce IRS Summons is **GRANTED**. On or before May 28, 2008, John T. Hines is **ORDERED** to produce all responsive documents set forth in the Summons issued to him on May 22, 2007. Doc. No. 1-4. It is further **ORDERED** that Hines's unauthorized Reply briefs (Doc. No. 16 & 17) are **STRICKEN** and the Clerk is **DIRECTED** to delete them from the docket.

**DONE** and **ORDERED** in Orlando, Florida on May 7, 2008.

David A. Baker

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Respondent John T. Hines